parent is fit, and has neither abandoned, surrendered, nor otherwise forfeited parental rights, the inquiry ends and the natural parent may not be deprived of the custody of his or her child."

Since there is no indication that petitioner was anything other than a fit and loving father, the trial court was not warranted in limiting petitioner's parental authority by awarding joint custody to the grandparents and granting the latter the right of consultation with "all school, medical, and other professionals who service [the child]". It is, however, to the child's benefit for her to continue to maintain regular contact with her grandparents, and accordingly, it was appropriate for the court to order visitation rights. (See Domestic Relations Law, § 72.) Concur — Murphy, P. J., Sullivan and Milonas, JJ.

Kupferman, J., dissents in a memorandum as follows: I would affirm the determination for joint custody which, pursuant to its provisions, makes the father first among equals, that is, in connection with the grandparents on the late mother's side.

The grandparents reared the child until the present time when the child is three years old. At the time of the hearing, the father had not established, by filiation proceeding, his legal relationship. He has had a checkered employment career, and it is in the best interests of the child to have loving grandparents continue to have a direct interest in her well-being.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL EUBANKS, Appellant. — Judgment, Supreme Court, Bronx County (Maurice Grey, J.), rendered on June 30, 1982, unanimously affirmed. The order of this court entered on October 30, 1984 (104 AD2d 777) is vacated. No opinion. Concur — Murphy, P. J., Kupferman, Sullivan and Milonas, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL EUBANKS, Appellant. — Order, Supreme Court, Bronx County (Maurice Grey, J.), entered on March 22, 1983, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Murphy, P. J., Kupferman, Sullivan and Milonas, JJ.

■ In the Matter of JUDITH S. DUGAN et al., Respondents. KENNEDY GALLERIES, INC., et al., Appellants; JOSEPH WENGLER, Respondent. — Order, Supreme Court, New York County (Louis Kaplan, J.), entered on April 23, 1984, as amended by order of